IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH W. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15- CV-8941 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, ROBERT BICKHAM ) | |
| (Star #19823), MICHAEL POPPISH (Star #1109), ) | |
| JEFFERY RODENBERG (Star #12406), JIMMIE ) | |
| SMITH (Star # 14509), THOMAS DORNG ) | |
| (Star # 14756) PATRICK DARLING ) | |
| (Star # 7134), DENNIS LANNING (Star #11945), ) | |
| RAQUEL CASTANDEDA (Star #13253), and ) | |
| JOSE LULE (Star # 9702) ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES the Plaintiff, KEITH WILLIAMS, by and through one of his attorneys Rasheda Jackson of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

1

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Keith Williams is a United States citizen who resides in the Northern District of Illinois.

5. Defendant Officer Robert Bickham (Star #19823) (referred to herein as "Defendant Officer"), Defendant Michael Poppish (Star # 1109) (referred to herein as "Defendant Officer"), Defendant Jefferey Rodenberg (Star # 12406) (referred to herein as "Defendant Officer"), Defendant Officer Jimmie Smith (Star #14509) (referred to herein as "Defendant Officer"), Defendant Officer Thomas Dorng (Star # 7134) (referred to herein as "Defendant Officer"), Defendant Officer Patrick Darling (Star # 7134) (referred to herein as "Defendant Officer"), Defendant Officer Dennis Lanning (Star # 11945) (referred to herein as "Defendant Officer"), Defendant Officer Raquel Castaneda (Star # 13253 (referred herein as "Defendant Officer") and Defendant Officer Jose Lule (Star # 9702) (referred to herein as "Defendant Officer") are present or former employees of the Chicago Police Department. Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant Officers are sued in their individual capacities.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of his employment with Defendant City of Chicago.

**BACKGROUND**

7. On October 17, 2013, Keith Williams (referred to herein as "Plaintiff") was a 53-year-old substitute teacher.

8. Plaintiff lives at 3615 W. 79th Street- Unit 1N, Chicago, IL 60652, a first floor apartment.

9. In the late evening of October 17, 2013, Defendant Officers did not have a search warrant for 3615 W. 79th Street-Unit 1N.

10. Defendant Officers did not have an arrest warrant to enter 3615 W. 79th Street- Unit 1N.

11. Defendant Officers did not have exigent circumstances to enter 3615 W. 79th Street-Unit 1N.

12. Plaintiff did not consent to Defendant Officers' entry into his home.

13. No one consented to Defendant Officers entering Plaintiff's home.

14. In the late evening of October 17, 2013, Defendant Officers forced their way into Plaintiff's home.

15. Defendant Officers damaged the front door of the home with the ram.

16. Once inside the home, Defendant Officers turned off all the lights.

17. Then, Defendant Officers used flash lights and lasers to see inside the apartment.

18. Defendant officers entered Plaintiff's bedroom and told him to get on the floor.

19. As Plaintiff complied with the command, one of the Defendant Officers forcibly pushed Plaintiff down to the floor by his neck.

20. One or more of the Defendant Officers pinned Plaintiff's body to the floor by pressing on his ankle, back and shoulder.

21. One of the Defendant Officers placed a gun to the back of Plaintiff's neck.

22. Meanwhile, other Defendant Officers witnessed the altercation but failed to intervene.

23. Defendant Officers began to search Plaintiff's home.

24. During the search, Defendant Officers ransacked Plaintiff's home.

25. Plaintiff never consented to the search of his home.

26. Defendant Officers did not have a warrant to search Plaintiff's home.

27. Defendant Officers did not have probable cause to search Plaintiff's home.

28. On October 17, 2013, Plaintiff was not violating any laws.

29. On October 17, 2013 Plaintiff did not have any contraband or illegal items in his home.

30. Thereafter, Plaintiff sought medical attention for a sore ankle, back and shoulder.

31. Defendants Officers damaged Plaintiff's front door and left the apartment in total disarray.

32. As a result of Defendant Officers' conduct, Plaintiff suffered physical and emotional damages and deprivation of his constitutional rights.

## COUNT I

### 42 U.S.C. §1983 – Excessive Force

33. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

34. When several Defendant Officers forcibly pushed Plaintiff down to the floor by his neck, pinned Plaintiff down to the floor by pressing their feet and knees onto Plaintiff's ankle, shoulder and back and placed a weapon to the back of Plaintiff's neck, several Defendant Officers inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

35. When inflicting violence upon Plaintiff, Defendant Officers were acting under color of law.

4

36. The actions of Defendant Officers in inflicting violence upon Plaintiff were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

37. As a result of excessive force inflicted by Defendant Officers, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT II

### 42 U.S.C. § 1983 – Failure to Intervene

38. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

39. Defendant Officers had a reasonable opportunity to prevent the excessive force used, but failed to do so.

40. As a result of the Defendant Officers' failure to intervene, Plaintiff sustained physical and emotional injuries.

40. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Unlawful Seizure

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42. Defendant Officers stopped and detained Plaintiff when Defendant Officers forcibly pushed Plaintiff to the floor by his neck, pinned him to the floor by stepping or kneeling on his ankle, back and shoulder and placed a weapon to the back of his neck.

43. Defendant Officers did not have a reasonable suspicion that Plaintiff was committing a crime when they stopped and detained him.

44. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45. As a result of the unlawful seizure, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, and mental distress.

46. The actions of the Defendants Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. § 1983 – Unlawful Search

47. Plaintiff re-alleges and reincorporates all previous paragraphs.

48. As described above, on October 17, 2013, Defendant Officers searched Plaintiff's home at 3615 W. 79th Street- Unit 1N, Chicago, Illinois, without a warrant for the home, without permission, and without legal cause, thus invading and violating Plaintiff's security and privacy.

49. Additionally, Defendant Officers damaged Plaintiff's property while conducting this unlawful search.

50. This misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

51. As a direct and proximate cause of the wrongful actions of Defendant Officers, Plaintiff suffered mental and emotional damage, humiliation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, reasonable attorney's fees, costs, and expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT V

### 42 U.S.C § 1983 – Unlawful Entry

52. Plaintiffs re-allege and incorporate each of the paragraphs of this Complaint as if reinstated herein.

53. Defendant Officers entered Plaintiffs' home without a search warrant, arrest warrant, exigent circumstances, or consent.

54. Plaintiffs had a legitimate expectation of privacy that society recognizes as reasonable in their home.

55. The actions of the Defendant Officers as described above, whereby they knowingly entered Plaintiffs' without a warrant or any other justification constituted deliberate indifference to Plaintiffs' rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiff demands judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, reasonable attorney's fees, costs, and expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

### Indemnity Claim – 745 ILCS 10/9-102

56. Plaintiff re-alleges and incorporates all of the allegations in the proceeding paragraphs.

57. Defendant City of Chicago is the employer of Defendant Officers.

58. Defendant Officers committed the act alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

59. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

60. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorney's fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**KEITH WILLIAMS**

By One of HIS Attorneys:

s/Rasheda Jackson

Rasheda Jackson
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312)226-4590